And our first case is Carter v. Halliburton Company et al's Mr. Stone. Be glad to hear from you. May it please the court, my name is David Stone and I have the privilege of representing the plaintiff and the U.S. taxpayers in this case against Halliburton and KBR for fraud on our troops during wartime. There's a simple issue posed by this appeal. When specifically does the first to file bar dissolve or end? And secondarily, when does it apply at all? We already know that the first to file bar ends. How do we know that? We know it because the defendants argued that it goes on forever in this very case and the Supreme Court held that it does not. It ends. In fact, the Supreme Court was an earlier suit bars a later suit while the earlier suit remains undecided but ceases to bar that suit once it is dismissed. Let me ask you this. If I'm remembering correctly in the many journeys we've had with this case, our prior decision said the case should be without prejudice. That's correct. And it goes up to the Supreme Court and if I'm correct in your brief in opposition to the petition for writ of certiorari, you all represented that the panel correct decided that the district court's jurisdictional dismissal of this case should have been without prejudice. And then in briefing the Supreme Court you said the Well, two things have changed, Judge. First of all, what we were referring to in that instance was the fact that this panel, actually this very panel, had correctly decided that the case should not be dismissed with prejudice. So when we were saying it should be dismissed without prejudice, we were focusing on the fact that it shouldn't be dismissed with prejudice. We perhaps could have used better language. But in terms of affirming It's either got to go one way or the other, either with prejudice or without. But in terms of why it did not matter at that point is because this court had held that the Wartime Suspensions Limitation Act applied and so that there would be no statute of limitations concern if we were to refile. The Supreme Court then reversed that, as your Honor knows. So then it became relevant to our case. It wasn't relevant to our case because this court had already ruled that there wasn't really any significant prejudice to us if we were to refile because we'd have the statute of limitations. Let's say that you, that Ms. Carmichael, over there filed a suit on January 1st, 2017. You filed your suit on February 1st, 2017. On February 2nd or 3rd, that case is dismissed under the first to file rule and the way it's interpreted. How do you survive? In the day that you filed and not the later? Judge, we would argue that under both the Supreme Court's ruling and guidance in this very case, and particularly their statement one, that a earlier suit remains undecided but ceases to bar that suit once it is dismissed. They don't say it ceases to bar a suit that's filed in the future. They say it ceases to bar a suit that it had barred while it was pending. So our argument would be a fair interpretation of that provision is that once that prior suit is no longer pending, then the first to file bar does not apply. And in fact, that's what the Supreme Court said. But we're not relying solely on, we're not making that up. I mean, Gadbois said virtually the same thing. They read the Carter decision and in Gadbois, they said specifically that we read the Supreme Court's opinion in Carter to say that it ceases to bar it once it's no longer pending. So then the question, may I just, the one step, sorry. That's the first case you're talking about, the first circuit case. Yeah. In the criticism of that case, that it will promote parasitic litigation, which was the thing that the first to file bar was designed to do, to cut that out. Not at all true, Your Honor. In fact, the interpretation that is proposed by the defendants in this case would promote parasitic litigation because it would result in people filing cases that potentially didn't satisfy 9b merely so they could get in first position and then barring anybody that came thereafter because they were pending. And even if that case was dismissed because it was a bad case and had no merit, that defendant would never face a trial because this previous person had filed a frivolous case. In our case, there's many reasons why, there's many protections why that would not happen. Because in our case, you've got to, to go forward in a case, you've got to satisfy 9b first of all. You've got to make it past summary judgment. You've got to make it to trial. And there are many other protections other than the first to file bar to protect that issue. And in fact, courts have held that a first to file case should satisfy 9b in order, you know, certain circuits in this, in this United States have held that. There's a circuit split right now. So it is not true. It is not true. There's no parade of horribles that would happen. And in fact, this is a very unique case, Your Honor, as you all know, because we actually filed well within the statute of limitations. We filed in 2006. And then the government did not tell the court low until 2010 that there was a first filed case. So we had already finished our discovery. We had a trial date when the government first told the court. So that doesn't normally happen. What normally happens is that the defendant files a motion to dismiss. If there's a case pending, that bar applies. That case is dismissed. So the issue, this is a very unique situation. It doesn't happen very often. Your jurisdiction depends on notice? You didn't have notice of a prior action and one in fact did exist? You didn't find out until later? Does that matter? No. My only point is that it's a very rare situation when a case would still be pending if another case had originally barred it when it was first filed. That's just pretty specific. We said it's caught. We got the previous opinion reversed. One thing we made in there, and that is that under the language of the first to file bar, Carter's action would be barred by a decree of court to be the case was pending when Carter filed the suit. Why is that not the law of the case? Well, it's not the law of the case, Your Honor, because the law has changed. Because the Supreme Court has clarified their view of what the first to file bar requires. What did the Supreme Court say specifically that changed what Judge Wynn just recited? The Supreme Court said two very important things. First of all, referring to this very case and this very fact scenario, why wouldn't Congress want the abandonment of an earlier suit to bar a later potentially successful suit that might recover in a large recovery for the government? So from a policy standpoint, why would we want a situation which the defendants are urging here, where because we have to refile this case, they do not have to face a jury from any plaintiff because there's no other cases out there. All the cases that were out there were all dismissed without reaching the merits. So on a policy standpoint, Supreme Court said clearly under this exact situation, Congress had a policy that they would want a successful case to go forward. Secondly, they specifically chose the words, an earlier suit bars a later suit while that earlier suit remains undecided. So it's a fair interpretation that they're saying, if a suit is filed, another suit is filed, okay, it bars that suit while it remains undecided. But that bar disappears. It ceases to bar that suit once it is dismissed. Now, our only point, and I would point to 15D, and I would also refer, Your Honor, to Frank v. Ross, a decision of this Court. 15D specifically recognizes that in certain situations, even if a case is, a provision is jurisdictional, if facts change, events change after the filing of the pleading, you can supplement that pleading. You can amend. There are other jurisdictional events that can occur and that you should not apply a very formalistic, mechanical view of those kind of rules. You should apply a view that, you know, that puts forward the policy behind the statute. And that's exactly what we're saying here. It makes complete sense to say that either by 15D or by our amendment below, which we've, you know, which the Court said it would grant in the absence of this first-to-file issue, we can then plead that there are no cases out there. We're the only case left. Facts have changed. There's no defense to our case now that there's a pending case out there. The fact has changed. The dismissal of the earlier filed suits? Right. The dismissal of the earlier filed suits, which now gives the Court jurisdiction over our claim, or in fact, I would point out that there's a real question whether this is even a jurisdictional statute, although I understand this Court has held in the past it is, and many courts have. The Supreme Court decided quay after this Court decided all those cases. And when it decided quay, it specifically said that Congress has to say that a provision is jurisdictional. And in Heath, the D.C. Circuit recognized that quay mandates that this is not a jurisdictional provision because if you look at the False Claims Act, there's numerous other provisions, including original source, public disclosure, where Congress specifically said it's jurisdictional. And they used the word jurisdiction. They didn't here. Am I right in this case, you have one viable claim left for $500 or $600. Is that right? No. What we have is a claim, we have that claim, but we also have a claim that following this fraudulent purification of the water, Halliburton submitted for an award a bonus for purifying the dollars from the military. And that was in June and July. So it would be within the period of the statute. Is that in your complaint? It's actually in our complaint. We were seeking it as damages. We specifically mentioned it in our complaint. It was mentioned in our damages experts analysis. What we have done below is to amend to say we want to take those facts, which were in our complaint, and, you know, assert that those are separate false claims because they are allegedly and appropriately false claims where they went and said we, not only did we purify it. Wait a minute, counsel. Did you claim the $53 million in the original complaint that you filed? We had those allegations in our complaint. The factual allegations were there. Discovery was taken on them. They produced their reports that, you know, the award documents, which are part of the appendix. The issue was essentially are we going to under, you know, say that our legal theory now covers those, not simply as damages based on previous conduct, but also independently as false claims. And the court below found that that would relate back. But that's not on appeal here because they didn't appeal it. They appealed, I mean, we appealed the decision to dismiss our case. But getting back, you know, if you look at, if you look at Gadbois and you look at the other courts, there's two other courts since then, two district courts, the Farmerica Court and Brown versus Pfizer, which just last month applied Carter to allow an amendment. I thought in Palmyra there was a later decision that said the first decision was wrong. Yeah, I'm not talking about Palmyra. I said Farmerica. Farmerica is Kernick, which is the other district court decision in this circuit. As far as, by the way, as far as Palmyra, Palmyra relied on the district court decision below, which we say is wrong. And if you find that it's wrong, then, you know, for the same reasoning, it's wrong. But clearly from a policy standpoint, there's no reason not to allow a case, once a pending case, that would bar it. The policies are you don't want government to have to be involved in multiple cases at the same time for the same reason, and you don't want double recovery against the defendant. Neither of those are the case in this case. We are the last man standing to sue these people. If this case gets dismissed and we can't refile because we're barred by the statute of limitations, then nobody can sue these people. So from a policy standpoint, you know, as the Supreme Court said, why wouldn't Congress, why would Congress want to abandon an earlier suit to bar a later potentially successful suit that might result in a large recovery to the government? So, you know, they recognize that from a policy standpoint, it makes sense. Under 15D, under the other, you know, many courts' decisions regarding the ability for post-event facts to allow you to amend a pleading, there's no prejudice to Halliburton here. We basically completed the time that this case… Correct. Correct. So is it, that seems clear, but does it apply here because the question is, were these facts that occurred after the filing of your complaint? What were these facts that would allow you to amend? May I answer? My time is up. Yes, please. The area, Your Honor, is that the facts that occurred after our filing of our complaint is a procedural bar which existed at the time while the case was still pending was ceased to bar us. It disappeared because the case that constituted that bar was dismissed, as the Supreme Court said. So the only real question is, I mean, the Supreme Court has said that that ends the bar. The only question is, does it end the bar and allow you to proceed if you happen to be pending? If you file an action and then you file the second one as you did here, and of course the first one is being dismissed, but what if your action is dismissed before the other action? Then you have to refile. You have to refile. It's only in a very unique circumstance. This isn't going to happen very often. When the motion to dismiss is granted? It depends on whether your case is, basically, it depends on when the motion is pending in front of that court. Is there an actual defense that there was a case pending that the government could proceed in which preceded your case in which that defendant could, you know, beface the merits? I'm thinking in terms of procedural. When you amend a complaint, the amendment typically relates back to the filing of the complaint, which is in Rule 15. It's kind of a nuance there. In terms of statute of limitations, that's a good thing. But it does say, if it relates back, in my mind, even for subject matter jurisdictions, that doesn't mean, it seems like it may relate back to a time for the fact that you are saying a fact occurred. That's different. And yet, when it relates back, that complaint was there. You see where I'm going with it? I do. And it's an interesting argument, Your Honor. I've never seen a case discussing that issue. Is there that a circuit has said that when you're dealing with a relator as to whether they may supplement their initial complaint when the one that was filed is in the case? Yeah. Gadbois says it, specifically. Gadbois says it. The most recent case in Brown and Pfizer says it. The Farmerica case, district court in this district said it. That it's just a question of whether or not, you know, it's a jurisdictional fact that you file an amended complaint. And so the court is going to look at the time you file the complaint, does it now have jurisdiction? Whether it didn't have jurisdiction before, and as I argue, you know, it isn't even a jurisdictional provision for the reason that it's said. But I mean, even if it was procedurally barred. The relating back consequence of it isn't no consequence from your perspective. The whole perspective of it relating back is okay for statute of limitations, but not for this purpose. I think it's of consequence, Your Honor. And I think cases, you know, that if it doesn't fit the relation back rule, then that will be an issue that the plaintiff has to deal with. Even if they can go forward, they may not be able to relate back. Now, the judge in this case found we could relate back, but I don't think that that has anything to do with whether or not the court would have jurisdiction at a later date. The court has jurisdiction now. We're not saying we're going back and trying to say we want to re-litigate the last, you know, six months or whatever. We're saying you have jurisdiction now. Let us go forward now. And there are many examples, and Frank v. Ross lists them. If you have your case dismissed, you can refile your problem with statute of limitations. Right. Right. But I mean, there are many other... The question of jurisdiction is the question of statute of limitations from your perspective. Yes, we do have jurisdiction if you file a complaint. Right. But it won't last very long if the statute of limitations tells us it doesn't last. That's correct, Your Honor. That's why you need an amendment. And the amendment has to relate back to the original complaint, and yet when you relate it back, there was another complaint filed. That's what's confusing me. Right. Where do you go with that? I guess what I would say is the way the rule is written that you can relate back. The question is whether the defendant was on notice. Were they on notice of this? Did we allege these claims? We did. We alleged all the facts that we're talking about. We didn't add new facts, and there was discovery taken on it. So the judge below found that satisfied the relation back. That doesn't have anything to do with whether or not a procedural bar, such as exhausting remedies, for example. So it may be you filed a case, and at the time you hadn't exhausted remedies. But for some reason, the case keeps going. And there's a bunch of cases we've cited, including Frank v. Ross in this circuit, that lay this out where they say if you then exhaust the remedies, the court can, in the interest of justice and not because it's applying a rule in a very mechanical way, say, OK, well, you've exhausted the remedies, so I'll go forward. It doesn't relate back and say, well. I think I understand your argument. But Judge Floyd, did you have another question? No. OK. Thank you. We've got some time left in rebuttal, so let's hear from Mr. Elwood. Thank you, Your Honor. I may appeal to the court, John Elwood, for appellees. As the district court correctly concluded, Mr. Carter's current interpretation of the first file bar is barred by the law of the case and related doctrines. And I don't think the court even has to go beyond that in order to resolve this case. Both the district court and this court entered a couple of holdings that I think are inconsistent with his current position. He had a perfect opportunity to contest those both before this court and before the Supreme Court, and he didn't. But doesn't his argument cut against the plain text of the first file bar? Yes, I think his argument does. And that's what's wrong with the First Circuit case. Right. I think the First Circuit case doesn't really grapple with the text of the first to file bar, because after all, it is a bar on bringing an action. It's not a bar on amendments. That whole interpretation reads it as though it's a bar on proceeding with the case. So amendment won't get him out of the jam he's in. No, absolutely not. But again, I think that that's true. If the court actually want to go along and resolve this actually under the first to file bar. But I think that you don't even have to get that far, because it is, as I said, under the law of the case. The court has already essentially decided that. It said, both the district court and this court said, you look to the facts as they exist on the moment the second complaint is filed. And then secondly, this court held that, I mean, it gave him what he wanted, which is that he wanted to dismissal without prejudice. And he's not taking yes for an answer in this case, because we lost on that issue. We wanted to be dismissal with prejudice, and he won dismissal without prejudice. And now he's sort of changing his story. But he had a perfect opportunity. That's a limitation. Yes, exactly right. I mean, exactly. But I mean. Even if you win on the first to file the question, then it becomes, could he supplement it, not amend it. And I know he filed an amendment. The courts can treat it as a 15B type supplemental type plea. And in that instance, we have allowed that to in fact occur. If this was a fact that occurred in the answer to the question, it's enough confusion to me. I'm not sure supplemental plea has the same relation back to taking an amendment. But nonetheless, that is the question. Should he be permitted to supplement it? The First Circuit said so, of course. And you'd appreciate that, to some extent. But help me a little bit more. Tell me how that case is different. Well, to begin with, if he had ever raised this, Mr. Carter had ever raised this argument, we would be in a much better situation to discuss this, because we would have briefed it. Subject matter jurisdiction, we can deal with that anytime. That's true. But there's no law of the case. There's no jurisdiction or exception to the law of the doctrine. Christensen versus Colt Industries. Well, the case is first to file. And we've already agreed that, OK, he was not first to file. The question I'm dealing with has to do with the supplemental plea. But that's something that he could have raised then. It was clear. He raised, if you look back to the Carter I docket, it's docket entry number 312. He raised them over clarification, where he raised sort of the specter that he could amend his way out of this problem. So he knew way back then, and that was in June of 2010. But that's not his amendment, the supplemental, the 15D, not the amendment. But still, the point is that you could, he knew at the time that it was an available argument, that it wasn't the facts at the time of filing the complaint, but something that happened later that could change things. So you said he waited. Exactly. That he could have raised that argument even back then. He knew it was available. He didn't raise it. And I'm just saying that he could have raised that argument. And there's no jurisdictional exception. He could have raised it when the other action was dismissed. Exactly. He could have tried to amend Carter I after that initial California case was dismissed and then brought it back then. But at the time, he thought that the best thing to do was dismiss and refile. And there's no jurisdictional exception to law of the case doctrine. Again, Christensen v. Colt Industries at page 816, note 5, the Supreme Court says that even for jurisdictional issues, you can't revisit them again and again, that they have to come to rest or else it denies people justice. And so he could have argued that, and we were discussing this on much better terms if he had raised it. But I think Feldman is a much different type of case for this reason. Because if you look at Feldman, it is kind of among a class of exhaustion cases that are much different than what we have here that say that, and I'll explain, there's a case called Central Pines Land Company v. United States out of the Federal Circuit in 2012, Harris v. Garner out of the Allen Bank 11th Circuit in 2000. And again, you would have all these cases before you if Mr. Carter had raised these arguments before. But there's a difference in kind between these type of exhaustion cases, and I'll explain them. Because Feldman, for example, involved a Sarbanes-Oxley rule where you had to file a complaint with like OSHA or somebody, I don't even remember, and you had to wait 180 days, and then it said you may bring an action. And that's different in several different ways. First of all, it puts the power to eliminate the obstacle in the hands of the plaintiff himself. Versus first, the file bar is in the hands of third parties that he can't control. Secondly, it's a very short period, and Feldman, it was as long as they get, which is six months, 180 days. I'm understanding, Lisa, and I'm sort of hopeful of subject matter jurisdictions. From your perspective, if the subject matter jurisdiction is in question, is whether it exists, you can challenge it at any time. But to create the subject matter jurisdiction, you can't just bring it up at any time. You have to actually indicate there is something that gives me subject matter jurisdiction. Is that the point? No, my point is that these types of cases, like Central Pines, draw a distinction between cases where a person can essentially exhaust the jurisdictional obstacle, that they can tick the Congress doesn't want those types of cases in court at all. These are cases where the plaintiff can take care of it. It's a short period of time. And that if you look at the granddaddy of all these cases, which is the Oscar Meyer case, it says the point of those cases is that ordinarily they want them to file something with an agency so that the agency can act as a kind of conciliator and try to sort these things out before they go into litigation. But just because of that, they don't want you to file suit because it's wasteful beforehand. But if you have filed suit, it seems silly to pour you out of court when you can just go back into court a few days later under your own power. And that's a very different circumstance you have there than you have in cases like First to File Bar, where Congress doesn't want people, second file people in court at all. They couldn't have been more clear about that. This is the language. Let me kind of follow up on Judge Wynn's questions. I understand opposing counsel's argument. He's saying that a fact occurred after he filed his complaint. And the fact was the earlier filed complaints were dismissed. And that because of that, he now can either by amendment or by supplementation add those additional facts in effect to create jurisdiction. Is that what you understand the argument be? I think that that is his suggestion. But this court already held in the first case that the jurisdictionally relevant point is at the time that you file the second complaint. And therefore, anything that happens after that, it doesn't matter. But to get back to this Central Pines case. Anything that happens after that doesn't matter. Yes. It doesn't insofar as that case, the question here has to do with the supplemental. Anything that happens under Feldman, the case for this circuit, does matter. Because if something occurs after that subject matter jurisdiction, let's Feldman. Didn't Feldman hold that? It said that it could. But I'm saying that there's a difference between those type of Feldman cases. Again, where it's within the power of the litigant. It's a relatively compact period of time versus potentially years and years that this case would have to be sitting around waiting for something else to happen. And third, that it's a policy judgment that Congress wanted people to be able to basically they're willing to play substantial compliance for cases. Was the aim here that a defendant such as yours would only have one action? I think it's kind of one action at a time. Is that all you have? One action right now? Right. But the problem is, from a business perspective, you don't have a problem with first to file because you don't have two people coming in. You don't have two groups. You have one action. And that action exists because the first action was filed. Or, I mean, think about I know it sounds like these things don't happen, but it could happen. You could have someone, you could get someone to file an action. And then it could be an action you hold on and then dismiss it. And all the rest of the action, nobody then can file one if you wait until right at the end of the statute of limitations is up. But if that action is dismissed, in the meantime, there's no action against you. And why at that point could you not simply just supplement the complaint if it hasn't been dismissed? And I guess that's another question I'll ask. Why didn't you move to dismiss this before the other action was dismissed? I think we did. What happened? Wait, wait. Move to dismiss this before what other action was dismissed? Before the first action was dismissed. Why didn't we move? Well, what happened? Tell me what was the time period between the first action and this action and then the ultimate? I'm trying to think. Well, this action was dismissed. I'm trying to think of this one, Carter 3, was dismissed in November of 2011. And it was dismissed then because of the other two pending cases. And Dupree, the blocking action was dismissed. Wait a minute. Why was it dismissed at that point? Was it because of the action? The first Thorpe case was dismissed, I don't even remember, I think in 2006. No, no, 2010. Yeah. But Thorpe was, I think, dismissed in 2010. Dupree was dismissed just in October of 2011, a month before this was dismissed. Well, you know, take Rockwell, for example, who later got to amend his complaint and look at the amended complaint to see whether there's jurisdiction. But that's not the same thing in the first to file context, is it? In the first to file context, jurisdiction depends upon the timing of the filing of the action, which cannot be changed by amendment. That is exactly right. And that's what this court held in the first decision in this case. And Mr. Carter had a perfect opportunity to challenge that when he could have. He knew he in that document 312, he knew amendment was an option, or at least he had that argument. And he chose not to. That's sort of the nub of where we're going, you know, if it's an amendment in 15A, this is the intent that we treat it as a supplemental pleading on 15D. It's a different animal. He never raised that argument. I think that still, even if it's a supplement, what it because under this court's ruling in the first decision in this case, it's already barred. Because it said there what matters is what happens. We stated that it had to happen, but I'm not sure we dealt with what happens if this is dismissed. That seems to be more of a Feldman question. If it goes into, if a matter comes up, if it's supplemented, then it affects Feldman. We dealt with something that has jurisdiction. That's the confusing part. But it said that you look at the facts as they existed when the claim was brought to determine whether an action is barred by the first to file bar. And that's a bar. The question is, yeah, it's clearly barred because it was done at that time. But then the question then becomes, can it be cured by a supplemental pleading if that first action is dismissed? And I think that what the holding of the original case was is it forecloses it. It says, no, what matters is the facts as they exist at that point. This is a fact that happens after that, and therefore, it is not one of the relevant things. And if I can get to the Central Pines case, they- Even there, I'm not sure this issue was in the first case. Well, they- This issue was not in the first case. I'm dealing with a supplemental plea. It was not in the first case. We're dealing with first to file. Right. But it nevertheless said that what you do with that is that you dismiss and refile. And he had the option available to him to argue that, no, what we need to do is amend, and then the thing will spring back to life. And he didn't raise that. He said there's no other possible way it can be done. It said that it has to be dismissed. And he had the opportunity to challenge that and say, no, you could amend as well. But he didn't. And if I could get to the Central Pines case, it says- it draws a distinction. It says, quote, and this is that- Where is Central Pines from? It's from the Federal Circuit 2012 697F3 at 1366. Where statutes impose the requisite to filing which a plaintiff has failed to meet upon filing, a supplemental complaint may cure such a defect. By contrast, if the statute contains an express prohibition against filing suit, then a supplemental complaint cannot cure a defect existing at the onset. It would defeat the purpose of the prohibition to permit a plaintiff to file his complaint during a prohibited period and then, after the prohibited period expired, rely on a supplemental complaint to cure the jurisdictional defect, unquote. And both that case and this other case, Harris v. Parner, which, again, you wouldn't be hearing this time if Mr. Carter had ever this argument. They both have held that when there's basically a flat ban like that, it's not something that you can supplement. And furthermore, one thing I think is worth- a point that is worth making is that 15d, supplementation, does not actually relate back. 15c, which is the relate back provision, only refers to amendments. And this is a- 15d is not amendment. It's a supplement. And so it would not relate back. One of the many perversities of Mr. Carter's position, which Judge Wynn pointed out, is he wants to have it both ways. He wants to have it to look at the things at the moment of filing for purposes of statute limitations. But he wants to look at things at the moment of amendment for purposes of first-to-file bar. And it doesn't make a lot of sense. Now, when I think of the failings of the Gadbois case, aside from the fact that it makes me use my high school French pronunciation, is that it was very back-loaded. Most of the action there was in a motion to remand and in a reply brief. And so it really wasn't discussed much at a time when the defendant in that case really had an opportunity to say much about it. But if you look at cases like Penrose and Branch Consultants, they have done a much better analysis, I think, of why it doesn't make sense to look at an amendment date, why it makes much more sense for purposes of the False Claims Act. Are those cases out of the same circuit? Penrose? No. Penrose, I think, is out of Ohio. And Branch Consultants is, I think, out of the Eastern District of Louisiana. So those are district court cases. Yeah, they're district court cases. They're not circuit court. But they do, nevertheless, analyze. And one of the points they make is that, remember, under the False Claims Act, the currency for the government under the False Claims Act is information. That's what's for the government, is they need to get information. And you get the information up front when they're filing the complaint. Because remember, under 3730b2, the relator is required to produce all material information at that point. And that is where they get all their information from. And so it makes a lot more sense to peg the jurisdictionally relevant time to the time of filing of the complaint, not the time of the amendment. Because I believe it was a Judge Wynn who pointed this out. The amendments in this case were really just fig leaves to try to revive the stale complaint. Even Mr. Stone admitted that there wasn't really any new information there. It was already there in their damages. They just added it to their theory in order to kind of move some of the dates back. And I think that that's one of the reasons why I don't think you see the government here arguing that this is helpful to them. Because these amendments, which are just to revive stale claims, they don't give Uncle Sam any new information that is useful to them at all. Now, I wanted to handle one quick thing about this idea that the Supreme Court's opinion in Carter changed anything. The split there was between cases that held that there was dismissal without prejudice and one case that held that was dismissal with prejudice. All cases agreed that what was the rule you needed to follow was dismissal, just like the Supreme Court said in Rigsby just earlier this term, which really kind of contradicts the idea that they changed anything in their Carter opinion. They said in Rigsby, quote, that the first file, quote, requires in expressed terms the dismissal of a relator's action, unquote. That really kind of puts the kibosh on the idea that they changed anything in Carter. And if you look at how they framed the issue in Carter, Mr. Stone said it didn't say anything about future cases, but it did. On the very first page of the opinion, they said that the decision they were deciding was, the issue they were deciding was, quote, whether the False Claims Act, first to file bar, keeps new claims out of court only while related claims are still alive or whether it may bar those claims in perpetuity, unquote. Because everyone agreed that dismissal was what you had to do with the case that was blocked. The only question was whether it barred things down the road. And Mr. Carter understood that at the time. When he was trying to file Carter IV, he argued that Carter III doesn't really bar this because nothing that happened to Carter III is going to revive it, he said. And this was in the Memorandum of Opposition and III in Carter IV. He wrote, quote, the issues presented to the Supreme Court could not result in an opinion that would revive Carter III as neither issue challenges the district court's dismissal of the Carter III complaint. So at the time, he knew that nothing could happen in Carter III that would change that. And when it suited his purposes, he told the court that. And now that he's discovered that he's under a statute of limitations bar, he's singing a different tune. And then I think that there's only one last thing I will close with, which was just to remind the court that as recently as August of 2015, he was saying that what was needed in this case was a dismissal, just a dismissal without prejudice. And there he said, and this was on remand from the Supreme Court and the Fourth Circuit's directive to dismiss the matter without prejudice, unquote. That's a JA 181-03. I think that in this case, the court should give Mr. Carter what he asked for, which is a dismissal without prejudice. There are no further questions. Thank you very much, counsel. Mr. Stone, you've got some time left in rebuttal. Why don't you answer that question? Should we give you what you asked for, a dismissal without prejudice? That's not what we asked for. What we did is we appealed a dismissal with prejudice. What we did not want was a dismissal with prejudice. We weren't asking for a dismissal without prejudice. That's what this court, in the initial instance, did provide. But as Your Honor has pointed out, first of all, the law has developed. And as Gadbois says, the court here, in the order that's on appeal now, gave you dismissal without prejudice. Is that right? No. Oh, I think it did. I think it did dismiss. There were so many different decisions below. I'm confused by them, Your Honor. You can see our confusion here, because it sounds like what you've asked for on a number of previous occasions is what you got. Your Honor, I did not ask for a dismissal without prejudice. They made a motion to dismiss. I made a cross motion to amend and argued that under Gadbois and the Supreme Court's decision in this case, we had the ability to continue with the case. The court then granted their motion to dismiss, but denied their motion. They made a motion to dismiss with prejudice. The court said, I'm not going to grant that motion. Instead, I'm going to dismiss without prejudice. I never asked to be dismissed without prejudice. And in fact, I then wrote a letter to the court saying, could you please decide the amendment issue so this court would have it in front of it? And they granted the amendment. He said, I would have granted the amendment, except that I believe under first to file, your pardon, I got to dismiss you without prejudice. I never asked to be dismissed without prejudice. And I think it's a little unfair when we were focused on being dismissed with prejudice, and that was our focus, not whether or not we were going to dismiss without prejudice or whether we could continue the case to say that statements that we made about why we shouldn't be dismissed with prejudice should be used against us now. And also, as this court recognized in Agostini, and that was a case where there was a change in the law, that the Establishment Clause law had evolved. And the court said, because since this was filed, the Establishment Clause law has evolved, it would work a manifest injustice to apply law of the case doctrine. And they didn't apply it. So there's exceptions, and it's not simply because the individual in question can exhaust a remedy. I mean, there's many, many exceptions to that issue. Let me ask you this, not that we're on the same ground, but what was it that you meant when you argued to the Supreme Court that the judgment of the Fourth Circuit below should be affirmed? I meant that the judgment as to the Wartime Suspension Limitations Act should be affirmed. I was not, you know, at that time, I was not concerned, as I said, there was no prejudice to seeking that at the time, because if that, your judgment was affirmed in total, we would be able to refile, and we would be within the statute of limitations. The problem came because the court reversed the Wartime Suspension Limitations ruling, which then created this statute of limitations problem, which then created a whole different situation in the case than we had before. So, and that's why we attempted to supplement when we came down below to say, let us continue. There's case law out there that says we can. The Supreme Court has said it's the policy of Congress to do it, and in addition, the only circuit court that's looked at it has agreed with us. So, I think that the question here is, are we going to be, and by the way, getting back because, your Honor, Judge Floyd, you keep mentioning the bar, and the words the bar, and I think this interpretation is totally consistent with that, because the question isn't when the bar applies. Nobody disputes that this bar applied when we filed the case. The question is when does it end, and it doesn't say anything in this provision about when it ends, except that it uses the word pending, and the Supreme Court, in this very case, focused on that and said it ends. It ends. It ends when that case is dismissed. So, the only real issue is, it ends when the case is dismissed. Does that mean we now have to refile if we happen to have a pending case, or can we cite jurisdictional facts or new facts if it's not a jurisdictional case? By the way, I think it's clear that Heath is right that it's not jurisdictional, but anyway, do we cite new facts and then be allowed to go ahead as it seems like Congress intended and the Supreme Court believed was appropriate, or are we forced to refile and go through the vagaries of that, which, in this particular case, requires us to file under seal, wait 60 days while the government investigates, wait for motion to be dismissed to be filed, and in that, the statute of limitations can run in that time, so we could be in a situation where we're within the statute of limitations, and simply because we were required to refile, even though we were within the statute of limitations, we'd be outside the statute of limitations, and that just makes no equitable sense where the federal government and Congress has said there's a policy of pursuing these fraudsters, not saying, well, because of all these procedural quagmires, nobody can sue them, and that's what they're saying now. They're saying nobody can sue us because these other cases were filed and they were no good. Counsel, is there anything else you want to add briefly for us? No, Your Honor. Other than to address Judge Wynn's comments, to the extent the court believes it's more appropriate for us to pursue this or to amend and have us pursue it under 15D or 15C and 15D, I don't know. We're certainly amenable to that, I think the court has the power to do that, and that's essentially what the court in Gadbois did on appeal. All right. Thank you very much, counsel. We're going to come down and greet counsel and then we'll take our next case.
judges: G. Steven Agee, James A. Wynn Jr., Henry F. Floyd